1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SOUTHERN DIVISION**

11

12  CALIFORNIA SURGICAL INSTITUTE,      )   No. SA CV 17-310-AG (PLAx)
    INC.,                               )
13                                      )   **MEMORANDUM AND ORDER RE:**
                   Plaintiff,           )   **PARTIES' PROPOSED STIPULATION AND**
14                                      )   **QUALIFIED PROTECTIVE ORDER**
            v.                          )
15                                      )
    AETNA LIFE AND CASUALTY             )
16  (BERMUDA) LTD., <u>et</u> <u>al.</u>,              )
                                        )
17              Defendants.             )
                                        )
18  _____ )

19       The Court has received and considered the parties' proposed Stipulation and Qualified

20  Protective Order ("Protective Order").  The Court is unable to adopt the Protective Order as

21  stipulated to by the parties for the following reasons:

22       First, if confidential material is included in any papers to be filed in Court, such papers shall

23  be accompanied by an application to file the papers -- or the confidential portion thereof -- under

24  seal; the application must demonstrate good cause for the under seal filing.  (<u>See</u> page 5, ¶ 4).

25  The application shall be directed to the judge to whom the papers are directed.  Pending the ruling

26  on the application, the papers or portions thereof subject to the sealing application shall be lodged

27  under seal.

28

1    Second, any challenge to the designation or disclosure of confidential information must

2    occur within the discovery period established by the District Judge.  (See page 7, at ¶ 9).

3    Third, in the event of a dispute regarding the designation or disclosure of confidential

4    information, the procedure for obtaining a decision from the Court is that set forth in Local Rule

5    37.  (See, e.g., pages 7-8, ¶ 9).  If the parties want to file the Joint Stipulation required by Local

6    Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an

7    ex parte application making the appropriate request.  The parties must set forth good cause in the

8    stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed

9    under seal.

10    Fourth, once a case proceeds to trial, all of the court-filed information that is to be

11    introduced and was previously designated as confidential and/or kept and maintained pursuant

12    to the terms of a protective order becomes public and will be presumptively available to all

13    members of the public, including the press, unless compelling reasons supported by specific

14    factual findings to proceed otherwise are made to the district judge in advance of the trial.  See,

15    e.g., Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995); San Jose Mercury News, Inc.

16    v. U.S. District Court - Northern District, 187 F.3d 1096, 1102 (9th Cir. 1999); Kamakana v. City

17    and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause"

18    showing for sealing documents produced in discovery and attached to non-dispositive motions

19    from "compelling reasons" standard when merits-related documents are part of the judicial record).

20     The Court will not enter a protective order that extends beyond the commencement of trial.

21    Finally, the Court may only enter a protective order upon a showing of good cause. Phillips

22    v. G.M. Corp., 307 F.3d 1206, 1209 (9th Cir. 2002) (Rule 26(c) requires a showing of "good cause"

23    for a protective order); Makar-Wellbon v. Sony Electronics, Inc., 187 F.R.D. 576, 577 (E.D.Wis.

24    1999) (even stipulated protective orders require good cause showing).  The parties' stipulation

25    does not contain sufficient statements to demonstrate good cause for issuing the protective order.

26    In any revised stipulated protective order submitted to the Court, the parties must include a

27    statement demonstrating good cause for entry of a protective order pertaining to the documents

28

1  or information described in the order.  The paragraph containing the statement of good cause

2  should be preceded by a heading stating: "GOOD CAUSE STATEMENT."

4  DATED: October 10, 2017

_Paul L. Abrams_

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE